IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY L. CLARK | ) |
| | ) |
| v. | ) NO. 3:21-00592 |
| | ) |
| DAVID B. RAUSCH, et al. | ) |

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 23, 2021 (Docket Entry No. 10), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 12) filed by Defendants David Rausch and Tony Parker. Plaintiff has responded in opposition to the motion. *See* Docket Entry Nos. 15-6 and 21.[1] For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be granted and that this action be dismissed.

## I. BACKGROUND

Barry L. Clark ("Plaintiff") is a resident of Camden, Tennessee. On August 2, 2021, he filed this lawsuit under 42 U.S.C. § 1983 against David Rausch ("Rausch"), who is the Director of the Tennessee Bureau of Investigation ("TBI"), and Tony Parker ("Parker"), who is the

---

[1] Also pending before the Court is Plaintiff's motion for summary judgment (Docket Entry No. 17). However, the Court has stayed briefing on Plaintiff's motion until resolution of the motion to dismiss. *See* Order entered October 22, 2022 (Docket Entry No. 22).

Commissioner of the Tennessee Department of Corrections ("TDOC"). Seeking a declaratory judgment under 28 U.S.C. §§ 2201-2202, Plaintiff contends that his federal constitutional rights have been violated by events related to the application to him of the requirements of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("SORA" or "Act"), Tenn. Code. Ann. §§ 40-39-201 *et seq*. *See* Amended Complaint (Docket Entry No. 11).

The lawsuit arises from the following facts, which are drawn from the amended complaint.[2] In 1980, Plaintiff was convicted by a jury in Maryland of multiple sexual offenses. After several years of incarceration for these crimes, he was released on parole and moved to Pennsylvania. He pled guilty in 2001 to a firearm offense in Pennsylvania, served a short sentence, and was released on probation. He thereafter moved to Tennessee in 2002 in violation of the terms of his probation for the firearm conviction, which resulted in an arrest warrant being issued from Pennsylvania for a probation violation. After Plaintiff returned to Pennsylvania in 2010 to surrender on the arrest warrant, he served a short sentence before being granted interstate parole and returning to Tennessee in May 2011.

Plaintiff was thereafter informed by his Tennessee parole officer that, because of his 1980 Maryland conviction for sexual offenses, he would be required to comply with the requirements of SORA, Tennessee's registration and monitoring program for individuals convicted of sexual offenses. The mandates and prohibitions of the SORA are substantial and need not be fully set

---

[2] For the purposes of resolving the motion to dismiss, the facts alleged in Plaintiff's pleadings are construed as true and viewed in the light most favorable to Plaintiff as the non-moving party.

2

out herein.³ As a general summary, the SORA: (1) classifies offenders as either "sexual offenders" or "violent sexual offenders" and requires this designation to be listed on the offender's Tennessee-issued driver's license; (2) requires offenders to complete an extensive initial registration of personal information, which is compiled in a database maintained by the Tennessee Bureau of Investigation ("TBI") and much of which is available to the public through an internet webpage; (3) imposes a duty on registrants to promptly report any changes to their registration information and to make in-person visits with a designated law enforcement agency to update and verify the information, on an annual basis for sexual offenders and four times a year for violent sexual offenders; (4) imposes an annual fee of $150.00, with other fees possibly imposed; and, (5) imposes restrictions on how, when, and where a registrant can live, work, travel and visit, and interact with children and minors. Violations of the SORA's mandates and prohibitions are deemed crimes punishable by fines and imprisonment. Although a sexual offender may petition to be removed from the registry after ten years, a violent sexual offender must remain on the registry for the remainder of his or her life unless the offender conviction is overturned or the offender is exonerated.

Plaintiff initially chose not to register under SORA and filed a grievance pursuant to TDOC Policy #501.01, which provides for inmate grievance procedures for TDOC inmates. As a result, Plaintiff was directed to appear at the Lexington Field Office for the Tennessee Board of Probation and Parole ("TBOPP") on October 13, 2011, for a meeting at which he, his brother, TBOPP Officer

---

³ *See generally Doe v. Haslam*, 2017 WL 5187117 (M.D. Tenn. Nov. 9, 2017) for a summary of the legislative history of SORA and *Reid v. Lee*, 476 F.Supp.3d 684, 688-93 (M.D. Tenn. 2020), for a detailed summary of the SORA's mandates and prohibitions.

Manager Pamela Milliken, TBOPP Parole Officer Angela Parker Willis, and a secretary were present.[4] Although Plaintiff expressed the reasons why he believed he was not required to register and comply with SORA, he was told by Milliken that although he would not be forced to register, his failure to register would result in a violation of parole and a retake order would be issued. Plaintiff then registered as a sexual offender under SORA. Although Plaintiff asserts that he was initially registered as a general sexual offender who was subject to only a ten-year registration requirement, his registration was at some point changed to a violent sexual offender, which triggered the lifetime registration requirement.

Plaintiff made a request to the TBI in 2016 to be removed from the SORA's registry. This request was denied on or about September 19, 2016. He then filed a petition for judicial review of the TBI's decision in the Chancery Court for Davidson County Tennessee ("Chancery Court Case"). In the Chancery Court Case, Plaintiff asserted constitutional claims, including an Ex Post Facto claim. After the Chancery Court affirmed the TBI's decision in 2018, Plaintiff filed a timely appeal with the Tennessee Court of Appeals. *Clark v. Gwynn*, 2019 WL 1568666 (Tenn. Ct. App. April 11, 2019). The state appellate court found no error in the Chancery Court's decision that the application of the SORA requirements to Plaintiff did not violate his federal and state Ex Post Facto rights. *Id*. at 4-8. The state appellate court also found that the Chancery Court had properly declined to consider a due process claim raised by Plaintiff and that the claim would, thus, not be considered on appeal. *Id*. at 8-9.

---

[4] Attached to Plaintiff's amended complaint is a copy of an unofficial transcript of the meeting, as was transcribed by the secretary who was present. *See* Docket Entry No. 9-1 at 2-11. The page numbers of this attachment, however, are incorrect, and a correctly paginated copy of the transcript is contained in the record at Docket Entry No. 1-1 at 3-11.

In 2021, Plaintiff again sought to be removed from the SORA registry but his request was again denied. Attached to his amended complaint is a letter, dated June 30, 2021, from the TBI's general counsel stating "[y]ou are not eligible for removal from the Sex Offender Registry and must continue to register for life while living or working in Tennessee." *See* Docket Entry No. 9-1 at 11. Plaintiff contends that he has not been accused or prosecuted for any sexual offense or component thereof for the past forty-one years and, although not explicitly asserted by Plaintiff, it appears that he has remained continuously registered under SORA since his initial registration and has not been charged with any violations of SORA's requirements.

In the instant lawsuit, Plaintiff brings four claims. *See* Amended Complaint at 9-10. First, he alleges that the SORA requirements as applied to him are unconstitutional under the federal Ex Post Facto Clause because they amount to retroactive punishment. Plaintiff alleges that, because of the SORA restrictions on locations where he can visit, such as public parks, public libraries, school grounds, and athletic fields, he has had to cease his involvement "in community concerns, political organizations, community sports backing, as well as community recreation activities for older citizens." See Amended Complaint at ¶ 12 and ¶ 23. He further points to aspects of the SORA requirements that have been found by other courts to be indicia of punishment and asserts that these requirements impact him also. *Id*. at ¶¶ 36-44. Plaintiff finally contends that changes in the laws of both Maryland and Pennsylvania would not require him to register as a sexual offender in those states. *Id*. at ¶ 46.

Plaintiff's second and third claims are that his due process rights under the Fourteenth Amendment have been violated by (1) Defendant Parker failing to conduct a grievance hearing upon Plaintiff's filing of a grievance in 2011 and (2) Defendant Rausch classifying him as a violent

5

sexual offender without judicial review or without taking into consideration a 2011 state ordered psychosexual risk assessment of Plaintiff that determined that he was a low risk of re-offending. Plaintiff's fourth and final claim is that his Equal Protection rights under the Fourteenth Amendment entitle him to the be granted the same favorable decision in his case as the favorable decision rendered in another case brought by plaintiffs who successfully challenged the constitutionality of the SORA.[5]

## II. MOTION TO DISMISS

A. Motion to Dismiss and Response

Defendants seek dismissal under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that the Court lacks jurisdiction over Plaintiff's Ex Post Facto claim because the decision of the Tennessee Court of Appeals on this claim is a final judgment which this Court cannot reconsider in light of the *Rooker-Feldman* doctrine. Defendants further argue that the prior state court action precludes consideration of Plaintiff's Ex Post Facto claim and his Due Process claims against Director Rausch because of *res judicata*. Defendants also contend that all of Plaintiff's claims are barred by the statute of limitations. Finally, Defendants contend that Plaintiff fails to state constitutional claims for relief based upon his allegations.

Plaintiff has responded in opposition to the motion. Plaintiff argues that he raised his Ex Post Facto challenge in the state court based upon favorable court decisions and that the state court declined to address his due process claim, thus it is not precluded. *See* Response (Docket Entry No. 16) at 1-2. He further contends that he has been subject to continuous violations on account

---

[5] Plaintiff appears to refer to the decision issued in the consolidated action, *Doe #1 v. Lee*, 518 F.Supp.3d 1157 (M.D. Tenn. 2021).

of Defendants' actions. *Id*. at 2-3. He further contends that the transcript of the 2011 meeting contradicts Defendants' assertion that he was initially registered as a violent sexual offender. *See* Supplemental Response (Docket Entry No. 21).

B. Rule 12(b)(1) and Rule 12(b)(6) Standards of Review

A motion seeking dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction based upon a facial attack to a complaint, such as the one raised by Defendants, questions the sufficiency of the pleadings. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In reviewing such a challenge, the Court will accept the allegations in the complaint as true. *Id*.

Defendants' Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts and draw all reasonable inferences in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

7

## III.  ANALYSIS

A. Ex Post Facto Claim

The Court initially addresses Defendants' argument that the Court lacks subject matter jurisdiction over the Ex Post Facto claim because the claim was decided against Plaintiff in the prior state court proceeding. To be sure, federal district courts do not have the authority to engage in appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). To that end, the *Rooker–Feldman*[1] doctrine bars federal district courts from hearing "cases brought by state-court losers complaining of injuries by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir.2006) (citing *Exxon Mobile Corp.*, 544 U.S. at 284).

However, the mere fact of a prior state court decision that is adverse to a plaintiff on the claims at issue is not determinative. One of the essential requirements necessary for the *Rooker-Feldman* doctrine to apply is that the plaintiff must be complaining about injuries that arise from the state court judgment. "[T]he pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment . . . ." *Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). When a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

8

whether the defendant prevails under principles of preclusion." *Exxon Mobil Corp.*, 544 U.S. at 293. *See also McCormick*, 451 F.3d at 394 ("[t]he fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment." (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005).

In the instant case, the constitutional injury about which Plaintiff complains with respect to his Ex Post Facto claim is not caused by the state court judgment itself, but by the TBI's application of the SORA's requirement to him. This is a substantive difference that renders the *Rooker-Feldman* doctrine inapplicable. *See Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 606 (6th Cir. 2007) ("The *Rooker-Feldman* doctrine has no bearing on Powers's claims because he does not allege that he was deprived of his constitutional rights by the state-court judgment ...."). Additionally, contrary to Defendants' assertion, at no place in his amended complaint does Plaintiff request the Court "to reject and overturn the judgment of the Tennessee Court of Appeals." *See* Defendants' Memorandum in Support at 5. After consideration of Defendants' argument, the Court finds that the Court's subject matter jurisdiction over Plaintiff's Ex Post Facto claim is not extinguished by the *Rooker-Feldman* doctrine.

However, the decision of the state court on the Ex Post Facto claim cannot be ignored even if the *Rooker-Feldman* doctrine does not apply. The doctrine of *res judicata* provides that a final judgment on the merits of an action precludes the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). *Res judicata* applies to federal lawsuits brought under Section 1983 after a prior state court litigation,

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-83 (1984); *Allen v. McCurry*, 449 U.S. 90 (1980), and this Court must give the same preclusive effect to the Tennessee state court judgment in Plaintiff's prior state court case as would be afforded by another Tennessee state court. *Hanger Prosthetics & Orthotics E., Inc. v. Henson*, 299 Fed.App'x 547, 554 (6th Cir. 2008). Tennessee law provides that parties asserting a *res judicata* defense must demonstrate "(1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action." *Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (quoting *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003)).

In the instant case, all of the factors necessary for the application of *res judicata* are satisfied. The state court had jurisdiction to hear Plaintiff's challenge to SORA, including his constitutional challenge, and it issued a final decision on the merits of his Ex Post Facto claim after a full and fair analysis of the claim. The state court case was brought against the Director of the TBI at the time and Defendant Rausch's predecessor. In their respective capacities as Directors of the TBI, both men have the same identity of interest with respect to an Ex Post Facto challenge to SORA. Finally, the state court case involved the same Ex Post Facto challenge to the application of SORA as is raised by Plaintiff in the instant case. In such a situation, the Court must give deference to the state court's determination of this claim. This is so even though a different decision may have been reached if it was brought before the Court in the first instance. A lawsuit brought under Section 1983 simply does not permit a plaintiff to relitigate a constitutional claim that was decided adverse to the plaintiff in a prior state court litigation. *See Allen*, 449 U.S. at 103-05.

Although the Court finds that *res judicata* bars consideration Plaintiff's Ex Post Facto claim, the Court briefly addresses, and rejects, Defendants' alternative argument that this claim is barred by the applicable one-year statute of limitations. Defendants contend that the claim was not timely pursued because it accrued when Plaintiff was initially registered under the SORA in 2011 or, at the latest, when his request for removal from the registry was denied in 2016. Defendants' argument is not well-taken given this Court's pronouncement in recent cases that an Ex Post Facto challenge of the type raised by Plaintiff is based on the ongoing effects of the SORA requirements, which are continuing violations of a plaintiff's constitutional rights that are not barred by the statute of limitations. *See Doe v. Haslam*, 2017 WL 5187117 at *13; *Doe v. Rausch*, 2022 WL 481240 at **2-4 (M.D. Tenn. Feb. 16, 2022) (Campbell, J). Defendants fail to show why their statute of limitations argument for this claim is not foreclosed by these decisions.

B. Due Process Claims

Plaintiff's two claims that his Due Process rights were violated must be dismissed because the claims are both barred by the applicable statute of limitations. Because Section 1983 does not include a limitations period, the applicable limitations period is derived from the state statute of limitations that applies to personal injury actions under the law of the state in which the Section 1983 claims arise. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Haley v. Clarksville-Montgomery Cty. School Syst.*, 353 F.Supp.3d 724, 730 (M.D.Tenn. 2018). Thus, Plaintiff's Section 1983 claims are subject to the one-year statute of limitations set out in Tenn. Code. Ann. § 28-3-104(a)(3). *See Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 547 (6th Cir. 2000); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Accordingly, Plaintiff's Due Process claims must have been

11

brought within one year of when the claims accrued. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather*, *supra*.

A claim accrues and the limitations period begins to run when a party knew or had reason to know of the injuries which are the basis of the claim. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016); *Roberson*, *supra*; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Wyatt v. A– Best, Co.*, 910 S.W.2d 851, 854 (Tenn. 1995). Courts determine the accrual date of a claim by asking "what event should have alerted the typical lay person to protect his or her rights." *Roberson*, 399 F.3d at 794 (quoting *Hughes*, 215 F.3d at 548).

With respect to the claim brought against Defendant Parker, this claim is based upon events occurring in 2011. At the time that Plaintiff met with the TBOPP officials in October 2011, or shortly thereafter, Plaintiff knew or should have known that he was not going to have the type of "four-person commission" hearing to which he contends he was due. However, this claim was not brought until nearly a decade later. It is clearly barred by the statute of limitations.

The claim brought against Defendant Rausch fares no better. Plaintiff asserts that he was entitled to some type of additional process upon the decision of the TBI to "elevate" his registration status from a general sexual offender subject to a 10-year registration requirement to a violent sexual offender subject to a lifetime registration requirement. Although Plaintiff is somewhat vague in his pleading about when this change of registration/offender status occurred,[6] the only fair reading of the amended complaint is that it occurred no later than 2016 when Plaintiff's first

---

[6] Plaintiff fails to attach to his pleadings any paperwork from either his initial registration or the 2016 denial of his request to be removed from the SORA registry.

request to be removed from the SORA registry was denied. Plaintiff refers to having a violent offender status at the time that the proceedings in the Chancery Court Case occurred, *see* Amended Complaint at ¶ 24 and ¶ 30, and the state appellate court noted that he had been classified as a violent sexual offender both at the time of his initial registration and at the time that his 2016 request for removal was denied. *Clark v. Gwynn*, 2019 WL 1568666 at *2. Thus, by no later than 2016, Plaintiff's claim accrued because he was aware that he had been classified by the TBI as a violent sexual offender without the process which he complains he was not provided. His claim in this 2021 lawsuit is therefore untimely and is barred by the statute of limitations.

To the extent that Plaintiff argues that these claims fall within the continuing violation doctrine applicable to his Ex Post Facto claim, he is mistaken. Both claims are based upon discrete events that occurred at a particular time. Any injury arising from these events was singular and known about by Plaintiff at the time of the events. Such claims do not fall within the continuing violation theory that applies to his Ex Post Facto claim. *Doe v. Rausch*, 2022 WL 481240 at *3.

Because Plaintiff's Due Process claims are clearly barred by the statute of limitations and Plaintiff presents no actual argument as to why this bar should not apply, it is unnecessary for the Court to address Defendants' alternative arguments for the dismissal of these two claims.

C. Equal Protection Claim

Plaintiff's Equal Protection claim is somewhat difficult to follow and does not appear to be actually brought against either Defendant. As the Court understands the claim, Plaintiff assets that he is entitled to a judgment from this Court that gives him the same relief that was granted to plaintiffs in another case that successfully challenged SORA.

Plaintiff's claim must be dismissed. Plaintiff's lawsuit raises an as-applied Ex Post Facto challenge to SORA that is specific to him and the facts of his case. The other consolidated case challenging SORA that he references likewise involves rulings that are specific to the plaintiffs that brought that case. The findings and decisions in an as-applied case, however, are limited to that particular case. *See Doe #1 v. Lee*, 518 F. Supp. 3d 1157, 1219 (M.D. Tenn. 2021) ("this holding therefore is confined to the two Plaintiffs, Doe #1 and Doe #2, who are before the Court in this instance."); *Doe v. Rausch*, 461 F. Supp. 3d 747, 769 (E.D. Tenn. 2020) ("Lastly, let the Court be abundantly clear: because this is an as-applied challenge, this finding is limited to this Plaintiff."). There simply is no right under the Equal Protection Clause for Plaintiff to receive the same decision in his case as was rendered in other cases.

## RECOMMENDATION

Based on the forgoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 12) filed by Defendants David Rausch and Tony Parker be GRANTED and that this lawsuit be DISMISSED WITH PREJUDICE. Given the recommendation that the action be dismissed upon Defendants' motion to dismiss, Plaintiff's motion for summary judgment (Docket Entry No. 17) should necessarily be DENIED as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge