UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY L. CLARK, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00592 |
| DAVID B. RAUSCH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Barbara Holmes has filed a Report and Recommendation ("R&R") (Doc. No. 23) recommending that the Court grant the Motion to Dismiss (Doc. No. 12) filed by David Rausch and Tony Parker. Barry Clark, proceeding pro se, has filed an objection to the R&R. (Doc. No. 24). The objection will be overruled, and the R&R will be approved and adopted.

After Clark was convicted of multiple sexual offenses in Maryland, he relocated to Tennessee. He was informed by the Tennessee Bureau of Investigations ("TBI") that he must comply with the registration requirements of the Tennessee Sexual Offender and Violent Sexual Offender, Verification, and Tracking Act ("SORA"), Tenn. Code Ann. §§ 40-39-201–40-39-218 (2018). Clark filed a petition for judicial review of the TBI's decision in the Chancery Court of Davidson County, Tennessee asserting several federal and state constitutional claims, including a violation of the U.S. Constitution's Ex Post Facto Clause. The Chancery Court rejected his claims. Clark appealed. The Tennessee Court of Appeals affirmed the Chancery Court's decision and explained why he was not entitled to relief under the Ex Post Facto clause. Clark v. Gwynn, No. M2018-00655-COA-R3-CV, 2019 Tenn. App. LEXIS 176, at *23 (Tenn. Ct. App. Apr. 11, 2019).

Before this Court, Clark invokes 42 U.S.C. § 1983 alleging that SORA's requirements

violate the Ex Post Facto Clause of the U.S. Constitution "as applied" to him. (See Am. Compl. at 9). Defendants move to dismiss based upon res judicata. (Doc. No. 12 at 1–2; see also Doc. No. 13). Magistrate Judge Holmes concluded that Clark's Ex Post Facto claim was barred by res judicata and should be dismissed. (Doc. No. 23 at 10–11). This Court agrees.

Clark's single objection to the Magistrate Judge's recommendation is based solely upon Doe v. Snyder, 834 F.3d 696 (6th Cir. 2016). (Doc. No. 24 at 2–3). Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been properly objected to. Fed. R. Civ. P. 72(b)(3). De novo review requires an evaluation of the record without granting any deference to the Magistrate Judge's findings and conclusions. See Matthews v. Weber, 423 U.S. 261, 270–71 (1976).

Snyder does not support Clark's objection to the Magistrate Judge's recommendation that his case be dismissed. In Snyder, the Sixth Circuit held that Michigan's version of SORA violated the Ex Post Facto Clause. Snyder, 834 F.3d at 705–06. But Clark cannot bootstrap his claims on the decision in Snyder. The Tennessee Court of Appeals explained why:

> Although we recognize that the Snyder decision is worthy of examination, Mr. Clark's reliance on it is misplaced. . .. Mr. Clark is challenging Tennessee's SOR act, not Michigan's SOR act. That means he must demonstrate by the "clearest proof" that the challenged provisions of the 2004 Act, as applied to him, are so punitive in effect that they constitute punishment in violation of the ex post facto provisions of the federal and state constitutions. See Smith [v. Doe, 538 U.S. 84, 92 (2003)]. In other words, he must show how his circumstances under the 2004 Act constitute impermissible punishment. The Snyder court's finding with regard to the plaintiffs' circumstances under Michigan's SOR act demonstrate how those particular plaintiffs were impermissibly punished by Michigan's act. They do not demonstrate that Mr. Clark was impermissibly punished by the 2004 Act.
>
> An examination of the record shows that, unlike the plaintiffs in Snyder, Mr. Clark presented little evidence of how the 2004 Act punished him. For instance, the record contains no evidence that Mr. Clark was unable to find a home or a job due to the 2004 Act's restrictions on where registrants may live and work. In fact, he stated

> that he managed to find housing and that he was a published author. . ... Moreover, he presented no evidence that this restriction or any other restriction prevented him from publishing in print or obtaining a job.
>
> . . . Mr. Clark presented "some legal articles and academic studies on the effects of recidivism rates with relation to sex offender registration laws." These articles and academic studies were documents the Snyder court considered when making its decision. When Mr. Clark introduced these documents at trial, he explained that he was introducing them because he wanted the chancery court "to review the same information the Sixth Circuit reviewed in order to come to their decision." After considering this evidence, the chancery court concluded that it "was inconclusive as to whether Tennessee's laws were in effect punitive." The record on appeal does not contain these documents, but we do not find their absence fatal to our review of the issue. As discussed above, evidence demonstrating that Michigan's SOR laws were punitive in effect does not satisfy Mr. Clark's burden of proving by "the clearest proof" that Tennessee's SOR laws, as applied to him, are punitive in effect.
>
> Finally, Mr. Clark presented a 2007 recidivism study issued by the TBI. . ... According to this study, those who had committed sexual offenses had a lower recidivism rate than those who had committed nonsexual felonies. We, like the chancery court, conclude that this evidence is inconclusive as to whether Tennessee's SOR laws were punitive in effect. . ... The lower recidivism rates could have been due to the effectiveness of Tennessee's SORA laws rather than due to sexual offenders not posing a high risk of reoffending. . ... The meager evidence presented by Mr. Clark falls short of the "clearest proof" required to demonstrate that the 2004 Act, as applied to him, imposed an impermissible punishment.

Clark, 2019 Tenn. App. LEXIS 176, at *19–23 (internal citations omitted).

Res judicata requires dismissal of Clark's case. As Magistrate Judge Holmes observed, "[t]he doctrine of res judicata bars subsequent causes of action when a court of competent jurisdiction already has rendered a final decision on the merits involving the same parties and claims in a prior action." Consolidation Coal Co. v. Maynes, 739 F.3d 323, 327 (6th Cir. 2014). The doctrine promotes "the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." Musleh v. Am. S.S. Co., 326 F. Supp. 3d 507, 515 (E.D. Mich. 2018) (citing Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981)). A party asserting res judicata must demonstrate: "(1) that a court of competent jurisdiction rendered the prior judgment; (2) that the prior judgment was final and on the merits;

that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same causes of action." Gerber v. Holcomb, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (citing Young v. Barrow, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003)). Magistrate Judge Holmes correctly applied these factors and found that each element was satisfied, specifically concluding that:

> The state court had jurisdiction to hear Plaintiff's challenge to SORA, including his constitutional challenge, and it issued a final decision on the merits of his Ex Post Facto claim after a full and fair analysis of the claim. The state court case was brought against the Director of the TBI at the time and Defendant Rausch's predecessor. In their respective capacities as Directors of the TBI, both men have the same identity of interest with respect to an Ex Post Facto challenge to SORA. Finally, the state court case involved the same Ex Post Facto challenge to the application of SORA as is raised by Plaintiff in the instant case. In such a situation, the Court must give deference to the state court's determination of this claim.

(Doc. No. 23 at 10). Clark's identical Ex Post Facto claim here is precluded.

For the foregoing reasons, Clark's objection is **OVERRULED**, and the R&R (Doc. No. 23) is **APPROVED AND ADOPTED**. This case is **DISMISSED WITH PREJUDICE**, and the Clerk is directed to enter Judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE